This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ABBY PARRISH,**

Plaintiff-Appellant,

v.                                                                              **NO. 33,996**

**CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, and ADRIANA
MUNOZ-WOODS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Fred T. Van Soelen, District Judge**

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellant

Miller Statvert, PA
Virginia Anderman
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Plaintiff Abby Parrish (Plaintiff) appeals from the district court's order granting summary judgment in favor of Defendants City of Clovis, Clovis Police Department, and Adriana Munoz-Woods (Defendants). [RP 394] This Court issued a notice proposing to affirm. Plaintiff filed a motion to amend his docketing statement in which he responded to this Court's notice. We construe this motion as a memorandum in opposition and have duly considered it. Unpersuaded, we affirm.

{2} In this Court's notice, we proposed to hold that Plaintiff failed to raise any genuine issue of material fact that Defendants' immunity under the Tort Claims Act was waived for his claims of negligence, assault, defamation, and negligent or intentional infliction of emotional distress. [CN 2] We address in turn Plaintiff's responses regarding each of his claims.

{3} **Negligence:** Plaintiff continues to argue that "'his heart began beating very rapidly, he had a sweaty feeling, and he felt physical discomfort and thought he was going to die,'" [Motion 3; DS 4] and that these sensations constitute bodily injury. [Motion 3–7] While Plaintiff makes citations to authority mentioning bodily injury under various other causes of action, none of the authority Plaintiff cites equates the temporary sensations he describes with bodily injury, and we are aware of no such authority. Thus, Plaintiff has provided insufficient reason for us to depart from the

2

standard definition of bodily injury provided by *Black's Law Dictionary*, as cited in our notice of proposed disposition [CN 6]. We therefore conclude Plaintiff has not shown the genuine existence of material fact that rapid heartbeat, a sweaty feeling, physical discomfort, and fear of death constitute bodily injury resulting from negligence in the operation of a motor vehicle, and support a waiver of Defendants' immunity under NMSA 1978, § 41-4-5 (1977).

{4}     **Assault:** Plaintiff continues to assert that Defendant Munoz-Woods' distraction while driving was sufficient to satisfy the intent element of assault. Again, Plaintiff cites numerous authorities but cites no relevant authority holding a distracted state of mind is sufficient to establish intent. In fact, Plaintiff cites to *Kabella v. Boushchelle*, 1983-NMCA-125, 100 N.M. 461, 672 P.2d 290, in which this Court specifically distinguished recklessness from assault. *Id.* ¶ 13. As we pointed out in our notice, New Mexico case law allows recovery for an officer's negligent conduct only when that negligence causes a third party to commit assault or battery or some other tort enumerated in NMSA 1978, § 41-4-12 (1977). *See Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 39, 144 N.M. 314, 187 P.3d 179 ("[W]ith respect to the torts enumerated in Section 41-4-12, allegations of negligence are appropriate only to the extent that a law enforcement officer's negligence is alleged to have caused a third party to commit one of the specified intentional torts."). [CN 8] That is not the case

3

here, and we therefore hold that the officer's allegedly gross negligence while driving did not constitute an assault as contemplated by Section 41-4-12.

{5}     **Defamation:** Plaintiff concedes that he does not assert any facts showing actual damage to his reputation and which could support a waiver of Defendants' immunity. [Motion 11] Plaintiff argues instead that summary judgment was premature and that depositions would lead to facts establishing damages. [Motion 11–12] As we noted in our proposed disposition, evidence of actual injury to Plaintiff's reputation lies with Plaintiff himself, and he has failed to assert any actual injury. [CN 12] Therefore, we conclude there is no genuine issue of fact that Defendants' immunity from defamation should be waived.

{6}     **Negligent or Intentional Infliction of Emotional Distress:** Plaintiff concedes that the Tort Claims Act does not contain a waiver of immunity from claims of either negligent or intentional infliction of emotional distress. [Motion 13] We conclude that the district court appropriately granted summary judgment on Plaintiff's claims for negligent or intentional infliction of emotional distress.

{7}     **Prematurity of Summary Judgment:** In this Court's notice, we cited the factors to be considered in determining whether summary judgment was premature as laid out in *Bierner v. City of Truth or Consequences*, 2004-NMCA-093, ¶ 25, 136 N.M. 197, 96 P.3d 322. [CN 11] We noted that Plaintiff did not cite either any facts

4

supporting application of the *Bierner* factors in his favor or any other authority showing the district court prematurely granted summary judgment. [CN 11–12] Plaintiff cites *Bierner* in his motion and argues that summary judgment of his defamation claim was premature. [Motion 13] Plaintiff makes the generalized assertion that the record shows "that both parties had not even been able to reach the point of deposing witnesses[.]" [Motion 13] Plaintiff asserts that his response to the motion for summary judgment "sets forth numerous facts regarding the Plaintiff's reputation and Plaintiff mentioned that depositions were important to develop the information[.]" [Motion 13–14] Plaintiff goes on to argue that Defendants did not respond to some discovery and that Plaintiff sought a continuance at the summary judgment hearing. [Motion 14] Beyond these generalized assertions, Plaintiff does not specifically address how the time allowed for discovery was insufficient. Notably, Plaintiff's response to the motion for summary judgment asserts that his personal humiliation was sufficient to show actual damages from defamation. [RP 240] Plaintiff's motion does not indicate that particular evidence, aside from personal humiliation, was still needed to show that he suffered compensable damages. We therefore conclude Plaintiff has not demonstrated that the district court's entry of summary judgment was premature.

{8}    Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{9}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**